FILED
United States Court of Appeals
Tenth Circuit

**February 16, 2011**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD ALLEN WALLEN,

Petitioner - Appellant,

v.

JOE ORTIZ, Executive Director,
Colorado Department of Corrections;
JOHN SUTHERS, Attorney General of
the State of Colorado,

Respondents - Appellees.

No. 10-1574

(D. Colorado)

(D.C. No. 1:06-CV-01644-PAB)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Proceeding *pro se*, Colorado state prisoner Richard Allen Wallen seeks a certificate of appealability ("COA") to enable him to appeal the denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. He desires to challenge his Colorado state conviction on a charge of sexual assault, for which he received a sentence of thirty-two years' imprisonment. To obtain a COA, Mr. Wallen must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Because Mr. Wallen has not made such a showing, we deny him a COA and dismiss this matter.

A prisoner may make a "substantial showing of the denial of a constitutional right" by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Id. at 484. Thus, when the district court has ruled on the merits of the petitioner's claims, he must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Where the district court ruled on procedural grounds, a COA may be granted when the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Id.

As the district court acknowledged, "the factual and procedural background is complicated" in Mr. Wallen's case. Order at 2. Mr. Wallen raised eight issues before the district court, six of which he asserts in his request for a COA. Many of the issues for which he seeks a COA involve trial court rulings relating to state law, out of which he attempts to derive some federal constitutional issues. The district court carefully depicted the complex history of this case, and analyzed each of Mr. Wallen's issues, applying the proper review standards required under 28 U.S.C. § 2254.

In this request for a COA, Mr. Wallen largely simply reargues the issues he presented to the district court, claiming that the district court acted improperly in dismissing four of his claims in his habeas petition, and further arguing that the district court erred in denying Mr. Wallen's request for counsel and for an evidentiary hearing. Finding nothing improper in the district court's thorough and thoughtful analysis of all of Mr. Wallen's claims, and finding that the court committed no error in its decision not to appoint counsel for Mr. Wallen and its determination that an evidentiary hearing was unnecessary, we deny Mr. Wallen's request for a COA.

For the foregoing reasons, we DENY Mr. Wallen a COA and DISMISS this matter.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge